# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| DELUXE EXPRESS, INC. | Case No. 20-13381 |
| | Hon. David D. Cleary |
| Debtor. | |
| DELUXE EXPRESS, INC., | |
| Plaintiff, | |
| v. | Adv. Case No. _____ |
| CAPITOL TRUCKING, INC., | |
| Defendant. | |

## ADVERSARY COMPLAINT FOR BREACH OF CONTRACT AND TURNOVER OF ESTATE ASSETS

Deluxe Express, Inc., the Reorganized Debtor and Plaintiff herein ("Plaintiff"), by and through its undersigned counsel, and for its ADVERSARY COMPLAINT ("Complaint") against Capitol Trucking, Incorporated, ("Defendant") (each a "Party" and together the "Parties"), states as follows:

### INTRODUCTION

1. This is a simple breach of contract claim in which Plaintiff seeks to recover $182,055.23 (plus interest, attorneys' fees and costs) that Defendant failed to pay Plaintiff pursuant the terms of the Parties' Independent Contractor Agreement dated November 22, 2019 (the "Agreement") for the bankruptcy estate. Plaintiff has performed all of its obligations under the Agreement. Defendant has no defense or valid setoff to Plaintiff's claim.

1

## PARTIES

2. Plaintiff is an Illinois corporation with its principal place of business in Plainfield, Illinois.

3. Plaintiff filed a voluntary petition for relief under Subsection V of Chapter 11 of the Bankruptcy Code on July 1, 2020 (the "Bankruptcy Case"). The Bankruptcy Case is pending as Case No. 20-13381 in the Bankruptcy Court for the Northern District of Illinois.

4. On February 2, 2021, Plaintiff confirmed an Amended Plan of Reorganization dated December 16, 2020 as modified by Stipulation dated January 19, 2021 ("Plan").

5. Defendant is an Illinois corporation with its principal place of business in Channahon, Illinois.

## JURISDICTION

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334(b).

7. Pursuant to Article IX of the Plan, this Court retained exclusive jurisdiction over all matters arising out of and related to, the Plan, the order confirming the Plan, and Plaintiff's underlying Chapter 11 case, including causes of action, controversies, and/or disputes or conflicts.

8. Pursuant to Section 5.07 of the Plan, the Debtor reserved its rights to file lawsuit against Defendant.

9. This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. §157(b)(2). To the extent that all or a portion of the claims are adjudged to be non-core, the Plaintiff expressly consents to the entry of final orders or judgment by the bankruptcy judge.

10. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## FACTUAL BACKGROUND

11. Prior to the filing of the instant Bankruptcy Case, Deluxe was engaged in a trucking business, transporting cargo loads commercially for hire.

12. On November 22, 2019, the Parties entered into an Independent Contractor Agreement ("Agreement") whereby Plaintiff leased certain equipment from Defendant, Defendant would refer trucking jobs to Plaintiff on a regular basis, and Deluxe would pay the Defendant for work performed according to the terms of the Agreement. A true and correct copy of the Agreement is attached hereto as Exhibit 1.

13. Addendum A to Exhibit 1 entitled Plaintiff to ninety percent (90%) of the "dray rate" for each shipment or a separate rate agreed to by the Parties. As such, pursuant to their Agreement the Parties agreed to a different rate for some loads, but further agreed that Defendant would be paid a commission for those loads.

14. Addendum B to Exhibit 1 set forth certain conditions under which an escrow would be established. Paragraph 5 of Addendum B requires that all escrow funds be returned to Plaintiff after the agreement is terminated.

15. On July 31, 2020, Defendant purported to terminate the Agreement. As of that date, Defendant owed Plaintiff $29,849.43 for load deliveries, $20,200.00 which was being held in escrow, and $132,005.80 in unpaid commissions, for a total of $182,055.23.

16. To date, Plaintiff has still not been paid the $182,055.23 (the "Funds") Defendant owes under the terms of the Agreement.

17. Pursuant to Section 541 of the Bankruptcy Code the monies Defendant owes Plaintiff are the property of Plaintiff's bankruptcy estate.

## COUNT I – BREACH OF CONTRACT

18. Plaintiff incorporates by reference the allegations of paragraphs 1 through 17 above as though fully alleged herein.

19. The Agreement went into effect on November 22, 2019.

20. In executing the Agreement, Defendant agreed to pay Plaintiff for loads it contracted for, transported, and delivered.

21. Despite the Agreement, Defendant failed to pay Plaintiff amounts due for certain jobs Plaintiff accepted and transported in accordance with the terms of the Agreement.

22. Defendant has and continues to refuse to pay Plaintiff the amounts owed.

23. The past due amount is at least $182,055.23.

24. Plaintiff, is entitled to recover all costs, expenses, and attorneys' fees incurred in bringing this case pursuant to the Agreement.

## TURNOVER

25. Plaintiff incorporates by reference the allegations of paragraphs 1 through 24 above as though fully alleged herein.

26. The Funds constitute a debt owed to Plaintiff that is property of Deluxe's bankruptcy estate, and has matured, is payable on demand or payable on order.

27. Defendant cannot assert a setoff against the Funds.

28. Pursuant to 542 of the Bankruptcy Code, Defendant is required to turn over the Funds to the Debtor.

29. Despite Plaintiff's repeated demands, Defendant has failed to and/or refused to turn over the Funds.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Deluxe Express, Inc., respectfully requests this Court grant it the following relief:

1. Enter a finding that the Defendant Capitol Trucking, Inc. breached the Agreement;

2. Enter Judgment in favor of Deluxe Express, Inc. and against Capitol Trucking, Inc. for the outstanding balance due, plus interest, attorneys' fees and costs;

3. Order Defendant Capitol Trucking, Inc. to immediately turn over the amounts due to Deluxe Express, Inc.;

4. Authorize Deluxe Express, Inc. to take appropriate legal action to recover the amounts due from Capitol Trucking, Inc. should Capitol Trucking, Inc. fail to immediately turnover the outstanding amounts due; and

5. Such other and further relief as the Court deems just and proper.

Dated: August 17, 2021

By: */s/ Miriam Stein*
*One of the Attorneys for Plaintiff*

Miriam R. Stein
GUTNICKI LLP
Atty. No. 6238163
4711 Golf Road, Suite 200
Skokie, Illinois 60076
mstein@gutnicki.com