92594b

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| Deluxe Express, Inc., ) | |
| ) | Case No. 20-13381 |
| Debtor ) | |
| ) | Hon. David D. Cleary |
| _____ ) | |
| Deluxe Express, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adv. Case No. 21-00176 |
| ) | |
| Capitol Trucking, Inc., ) | |
| ) | |
| Defendant. ) | |

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
SEP 16 2021
JEFFREY P. ALLSTEADT, CLERK
INTAKE 1

## DEFENDANT'S ANSWER TO PLAINTIFF'S ADVERSARIAL COMPLAINT FOR BREACH OF CONTRACT AND TURNOVER OF ESTATE ASSETS

Now into Court comes Defendant CAPITOL TRUCKING, INC. ("CAPITOL"), through its attorneys, JON P. MALARTSIK and KOPKA PINKUS DOLIN, P.C., and for its Answer to Plaintiff's Adversarial Complaint for Breach of Contract and Turnover of Estate Assets, states as follows:

### INTRODUCTION

1. Defendant CAPITOL denies the allegations set forth in paragraph 1 of Plaintiff's Adversarial Complaint.

### PARTIES

2. Defendant CAPITOL has insufficient information upon which either to admit or deny the allegations set forth in paragraph 2 of Plaintiff's Adversarial Complaint and demands strict proof thereof.

3. Defendant CAPITOL admits the allegations set forth in paragraph 3 of Plaintiff's Adversarial Complaint.

4. Defendant CAPITOL admits the allegations set forth in paragraph 4 of Plaintiff's Adversarial Complaint.

5. Defendant CAPITOL admits that it is an Illinois corporation, but denies the remainder of the allegations set forth in paragraph 5 of Plaintiff's Adversarial Complaint.

## JURISDICTION

6. Defendant CAPITOL admits the allegations set forth in paragraph 6 of Plaintiff's Adversarial Complaint.

7. Defendant CAPITOL admits the allegations set forth in paragraph 7 of Plaintiff's Adversarial Complaint.

8. Defendant CAPITOL admits the allegations set forth in paragraph 8 of Plaintiff's Adversarial Complaint.

9. Defendant CAPITOL admits the allegations set forth in paragraph 9 of Plaintiff's Adversarial Complaint.

10. Defendant CAPITOL admits the allegations set forth in paragraph 10 of Plaintiff's Adversarial Complaint.

## FACTUAL BACKGROUND

11. Defendant CAPITOL admits the allegations set forth in paragraph 11 of Plaintiff's Adversarial Complaint.

12. Defendant CAPITOL admits that it entered into an Independent Contractor Agreement ("Agreement") with Plaintiff on November 22, 2019; denies that the Plaintiff has adequately described the terms of that Agreement; and, avers that the Agreement speaks for itself.

Defendant CAPITOL admits that a true and accurate copy of the Agreement is attached to the Plaintiff's Complaint as Exhibit 1.

13. Defendant CAPITOL admits that Addendum A to Exhibit 1 provides for compensation to CONTRACTOR of 90% of the dray rate for each shipment or a separate rate agreed to by the parties, and that on occasion, the parties may have agreed to a separate rate, but denies the remaining allegations set forth in paragraph 13 of Plaintiff's Adversarial Complaint.

14. Defendant CAPITOL admits that Addendum B to Exhibit 1 provides conditions for the creation of an escrow account but denies the remaining allegations set forth in paragraph 14 of Plaintiff's Adversarial Complaint.

15. Defendant CAPITOL admits that it sent a letter on July 31, 2020 to Plaintiff terminating the Agreement but denies the remaining allegations set forth in paragraph 15 of Plaintiff's Adversarial Complaint.

16. Defendant CAPITOL denies that it owes Plaintiff the Funds it claims and thus denies the remaining allegations set forth in paragraph 16 of Plaintiff's Adversarial Complaint.

17. Defendant CAPITOL denies that it owes Plaintiff monies and thus denies the remaining allegations set forth in paragraph 17 of Plaintiff's Adversarial Complaint.

**COUNT I - BREACH OF CONTRACT**

18. Defendant CAPITOL adopts its answers to paragraphs 1 through 17 of Plaintiff's Adversarial Complaint as its answer to paragraph 18 of Count I of Plaintiff's Adversarial Complaint.

19. Defendant CAPITOL admits the allegations set forth in paragraph 19 of Count I of Plaintiff's Adversarial Complaint.

20. Defendant CAPITOL admits that pursuant to the Agreement it would compensate Plaintiff if Plaintiff complied with all of the terms and obligations of the Agreement that would require said compensation, and it denies that the Plaintiff has adequately set forth those terms and obligations in paragraph 20 of Count I of Plaintiff's Adversarial Complaint, and as such those allegations are denied.

21. Defendant CAPITOL denies the allegations set forth in paragraph 21 of Count I of Plaintiff's Adversarial Complaint.

22. Defendant CAPITOL denies that it owes Plaintiff monies and thus denies the remaining allegations set forth in paragraph 22 of Count I of Plaintiff's Adversarial Complaint.

23. Defendant CAPITOL denies the allegations set forth in paragraph 23 of Count I of Plaintiff's Adversarial Complaint.

24. Defendant CAPITOL denies the allegations set forth in paragraph 24 of Count I of Plaintiff's Adversarial Complaint.

**TURNOVER**

25. Defendant CAPITOL adopts its answers to paragraphs 1 through 24 of Plaintiff's Adversarial Complaint as its answer to paragraph 25 of Plaintiff's Adversarial Complaint.

26. Defendant CAPITOL denies that it owes Plaintiff the Funds and thus denies the remaining allegations set forth in paragraph 26 of Plaintiff's Adversarial Complaint.

27. Defendant CAPITOL denies that it owes Plaintiff the Funds and thus denies the remaining allegations set forth in paragraph 27 of Plaintiff's Adversarial Complaint. To the extent that the Court determines that Funds are owed, Defendant CAPITOL denies that it is not entitled to a setoff.

28. Defendant CAPITOL denies the allegations set forth in paragraph 28 of Plaintiff's Adversarial Complaint.

29. Defendant CAPITOL denies that it owes Plaintiff the Funds and thus denies the remaining allegations set forth in paragraph 29 of Plaintiff's Adversarial Complaint.

WHEREFORE, Defendant CAPITOL TRUCKING, INC. prays that this Honorable Court enter judgment in its favor and against the Plaintiff, plus costs.

*/s/ Jon P. Malartsik*
Jon P. Malartsik
*Attorney for Defendant*

Jon P. Malartsik
KOPKA PINKUS DOLIN PC
200 W. Adams Street, Suite 1200
Chicago, IL 60606
(312) 782-9920
(312) 782-9965 – Fax
jpmalartsik@kopkalaw.com
Attorney No.: 6229767